**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard J. Labrecque, | No. CV-19-00465-TUC-RCC (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| NewRez LLC, | |
| Defendant. | |

On June 16, 2020, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") in which he recommended the Court deny Defendant's Motion to Dismiss (Doc. 16). (Doc. 22.) Judge Markovich notified the parties they had fourteen days from the date of the R&R to file objections and an additional fourteen days to file a response. *Id.* Defendant filed an objection to the R&R (Doc. 23), and Plaintiff a response (Doc. 24). For the reasons stated below, the Court adopts the Magistrate Judge's R&R and denies the motion.

**I.   STANDARD OF REVIEW: MAGISTRATE'S R&R**

The standard of review of a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. FACTUAL HISTORY

Defendant does not object to the Magistrate's statement of facts. As such, the Court adopts the Magistrate Judge's recitation of facts, and merely summarizes as necessary to address Defendant's objections. In essence, Plaintiff alleges that Defendant was required to pay Plaintiff's property taxes from Plaintiff's escrow account. (Doc. 1.) Defendant did not pay in a timely manner, causing late charges to accrue. (*Id.*) Despite repeated assurances that Plaintiff would not be responsible for the incurred fees, Defendant paid the overdue fees out of Plaintiff's escrow funds. (*Id.*) Plaintiff seeks to recover for the erroneously charged funds; for himself and for others similarly situated. (*Id.*) Plaintiff alleges Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), raises allegations of unjust enrichment and conversion, and seeks declaratory judgment. (*Id.*)

## III. Standard of Review: Motion to Dismiss

A complaint that is challenged under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. But the complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly,* 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual allegations may be consistent with a federal cause of action, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

**IV.   Real Estate Settlement Procedures Act ("RESPA")**

Defendant first argues that Plaintiff's claim for a violation of the RESPA, 12 USC § 2605, should be dismissed because the RESPA does not permit a private right of action. (Doc. 23 at 7-8.)

Section 2605(g) of the RESPA requires that "[i]f the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes . . . *the servicer shall make payments from the escrow account for such taxes*, insurance premiums, and other charges *in a timely manner as such payments become due*." 12 U.S.C. § 2605(g) (emphasis added); *see* 12 C.F.R. § 1024.17(k)(1).

In two instances, a borrower is not liable for untimely payments. First is if–within 60 days of the failure to pay the tax and prior to any filing of an action against the loan servicer–the loan servicer informs the borrower that it has not paid and makes reparations to prevent the borrower from paying late fees. 12 U.S.C. § 2605(f)(4). Second, the loan servicer is not liable if the borrower's escrow payment is in excess of 30 days overdue.

12 C.F.R. § 1024.17(k)(1). However, if these procedures are not followed, the loan servicer may be liable, and the borrower may pursue reimbursement for damages and attorney's fees caused by the loan servicer's inaction. 12 U.S.C. § 2605(f). If it appears that the loan servicer has habitually violated the statute, a borrower can seek additional damages up to $2,000. *Id.* at § 2605(f)(1)(B). Moreover, 12 U.S.C. § 2614 permits any action under § 2605 to be litigated in the appropriate United States District Court.

Defendant believes that the Magistrate Judge erred and expanded the permissible actions under § 2605 beyond those which were intended and interpreted in case law. (Doc. 23 at 7-8.) Defendant points to several cases that permit a private right of action under other circumstances but uses these cases to support its contention that subsection (g) does not provide for such relief. (*Id.*) This is incorrect. While the cited case law may directly address other instances in which a private action may proceed, the cases also suggest that a suit under any subsection of § 2605 is permissible, and they do not specifically preclude a right of action under subsection (g). *See Veloz v. Green Tree Servicing LLC*, No. CV-13-00915-PHX-DGC, 2014 WL 2215866, at *4 (D. Ariz. May 29, 2014) ("[The statutory] language clearly establishes that violations of § 2605 give rise to liability."); *Stovall v. National Default Servicing Corp.*, No. 2:10-CV-00585-GMN, 2011 WL 1103582, at *3 (D. Nev. Mar. 23, 2011) (Section 2605 is one of "only three sections in RESPA that provide a private right of action."); *Padilla v. One West Bank*, No. 10–04080 CW, 2010 WL 5300900, at *6 (N.D. Cal. Dec. 20, 2010) ("If a loan servicer fails to comply with the provisions of § 2605, a borrower is entitled to any actual damages as a result of the failure."); *Leo v. MortgageIT Inc.,* No. CV 11-972-PHX-SRB, 2011 WL 13228548, at *2 (D. Ariz. Sept. 20, 2011) ("Only [§§ 2605, 2607 and 2608] of RESPA provide for private rights of action."). Defendant's argument is not persuasive, and the Court agrees with the Magistrate Judge that § 2605 is "broadly actionable" and the plain language permits a private right of action under 12 U.S.C. § 2605(g). (*See* Doc. 22 at 8.)

## V. Declaratory Judgment

Because the Court agrees that a private right exists under RESPA, like the Magistrate Judge, the Court concludes that granting a motion to dismiss Plaintiff's attempt to obtain declaratory relief is inappropriate. *See* Declaratory Judgment Act, 28 U.S.C. § 2201(a) (permitting the district courts to provide relief to a party by "declar[ing] the rights and other legal relations" between parties when a plaintiff raises a viable, independent claim).

## VI. Unjust Enrichment

The Court finds that Plaintiff has a legal remedy under RESPA, therefore Plaintiff cannot also seek relief under a theory of unjust enrichment. *See Span v. Maricopa Cty Treasurer*, 437 P3d 881, 886 (Ariz. Ct. App. 2019). Both the parties concede this point. (Doc. 17 at 12; Doc. 23 at 9.) Therefore, this count will be dismissed.

## VII. Conversion

Defendant has not challenged the Magistrate Judge's determination that Plaintiff has pleaded a viable allegation of conversion. The Court has reviewed the Magistrate's analysis and finds that the conversion claim should proceed.

## VIII. Jurisdiction over Non-Resident Class Members

### a. Personal Jurisdiction

Defendants seek to have the national class action allegations stricken from the complaint pursuant to both Fed. R. Civ. P. 12(f) and 23(d)(1)(D) because this Court lacks personal jurisdiction over the putative non-resident Plaintiffs. (Doc. 16 at 5, 8.) Under Federal Rule 23(d)(1)(D), the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Furthermore, Rule 12(f) allows the court to strike portions of a pleading

because the allegations are impertinent or constitute an insufficient defense. The Court finds it may consider the motion to strike the class allegations of the putative non-resident Plaintiffs at this juncture. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939, 941 (9th Cir. 2009) (a defendant need not wait for a motion for class certification to request dismissal of class members). However, for the reasons stated below, the Court finds it is not appropriate to grant dismissal or strike putative Plaintiffs' class allegations.

To determine whether the court should strike the putative non-resident Plaintiffs' class allegations, it must first decide whether Defendant's jurisdictional challenge prevents the court from allowing the claims to proceed.

When there is a challenge to the Court's personal jurisdiction, it is a plaintiff's burden to demonstrate that jurisdiction exists, *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002), and that litigating the matter in this district court does not violate due process, *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). To meet the requirements of Due Process, a non-resident defendant must have "minimum contacts with [a forum state] . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction may be general or specific; each form involves a particularized analysis based on defendant's contacts with the forum state. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Courts may exercise specific jurisdiction over a case based on that "defendant's forum-related activities." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). Further, specific jurisdiction requires that "(1) [t]he nonresident defendant . . . do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum . . . , (2) [t]he [plaintiffs'] claim must be one which arises out of or results from the defendant's forum-related activities[, and] (3) [e]xercise of jurisdiction must be reasonable." *Hunt v. Erie Ins. Grp.*,

- 6 -

728 F.2d 1244, 1247 (1984). It is plaintiff's burden to meet the first two prongs. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Plaintiffs do not dispute that the Court has no general jurisdiction over Defendants. Furthermore, it appears that the only connection between Defendant's actions and putative non-resident Plaintiff's injury is the allegation that the Arizona resident Plaintiffs suffered similar injury in this state. At a glance, it appears the Court does not have specific jurisdiction over Defendant as to the non-resident Plaintiffs.

### b. *Application of* Bristol-Meyers Squibb *to Class Action*

The Court must then decide whether–despite the lack of specific jurisdiction–these putative out of state Plaintiffs' class action claims can remain at this juncture. Defendant asserts that the Court should apply the logic from *Bristol-Myers Squibb v. Sup. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773 (2017) ("*BMS*") to this case. (Doc. 23 at 4-7.) *BMS* involved a mass tort action where non-resident plaintiffs raised state law personal injury claims. *BMS*, 137 S. Ct. at 1777-78. The Supreme Court determined that the district court could not exercise personal jurisdiction over the defendant as to the non-resident plaintiffs' claims simply because their claims were similar to resident plaintiffs and defendant conducted some business within the state. *Id.* at 783-84.

Defendant in the instant matter asserts that the *BMS* holding should apply equally in class action litigation, and that this Court cannot exercise jurisdiction over Defendant as to the putative non-resident Plaintiffs because they merely have injuries similar to Plaintiffs who claim they were injured in Arizona but where the court lacks specific jurisdiction. (Doc. 16 at 7.)

The Magistrate Judge noted that *BMS* differs from the instant case because it involved a mass tort claim, and the Supreme Court explicitly declined to address whether the logic in *BMS* applied to class actions. (Doc. 22 at 20-21.) The Magistrate Judge then stated that this circuit has repeatedly declined to extend *BMS* to class actions with

- 7 -

unnamed plaintiffs and in this instance the Court could exercise jurisdiction over Defendant as to the putative, non-resident, class action claims. (*Id.* at 21, 23 (citing *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017); *Goldstein v. General Motors, LLC*, No. 3:19-CV-01778-H-AHG, 2020 WL 1849659, at *5 (S.D. Cal. Apr. 13, 2020) ("In a putative class action . . . one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the "named plaintiffs" are the only plaintiffs actually named in the complaint" therefore the jurisdictional requirements were met for the putative nationwide claims); *Sotomayor v. Bank of Am., N.A.*, 377 F. Supp. 3d 1034, 1037–38 (C.D. Cal. 2019) (*BMS* does not apply to class actions and to do so "would radically alter the existing universe of class action law."); *Edwards v. Conn's, Inc.*, No. 218CV01998APGBNW, 2019 WL 4731942, at *3 n.2 (D. Nev. Sept. 27, 2019) (finding *BMS* does not extend to class actions and noting most cases that have applied BMS to class actions come from the Northern District of Illinois); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 1469621, at *2 (W.D. Wash. Mar. 26, 2020) (plaintiff in mass action tort is named and therefore a real party in interest, but plaintiff in class action only class representative is named so "the claims of unnamed class members are not implicated in the question of specific jurisdiction"). The Magistrate Judge also pointed to several cases outside of this circuit that find the same. (Doc. 22 at 22 (citing *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 448 (7th Cir. 2020): *Murphy v. Aaron's, Inc.*, No. 19-CV-00601-CMA-KLM, 2020 WL 2079188, at *8 (D. Colo. Apr. 30, 2020). Defendant counters that other courts have decided to apply *BMS* in the context of class actions, and claims that it is more logical to apply *BMS* in this situation. (Doc. 23 at 5.) However, this Court cannot find that the Magistrate Judge erred in his determination. Courts in the Ninth Circuit do not support extending *BMS* to class actions. Furthermore, most of Defendant's citations are drawn from the Northern District of Illinois and build off of one another, are from a district court's dissent, or constitute dicta. The Court will not, therefore, strike to class action allegations and dismissal is

inappropriate at this juncture.

   c. *Dismissal of Putative Class Plaintiffs*

Next, Defendant also argues that the Magistrate Judge erroneously combined the standards for a motion to dismiss with the standards for class certification when deciding not to strike the nationwide class action claims. (Doc. 23 at 2.) The Court disagrees, the Magistrate Judge did not conflate the two standards. Rather, in considering whether it should strike the class action allegations and dismiss the putative non-resident Plaintiffs prior to discovery, the Magistrate Judge evaluated whether Plaintiff had pleaded a plausible claim for class action relief. After finding that the pleading stated a viable claim, he determined that further discovery would aid the Court in making a final decision about whether to grant class action certification or dismiss the class allegations.

To withstand dismissal, a plaintiff needs to plead facts that suggest that a defendant may be held liable for the conduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, if taking the pleaded facts in the light most favorable to the non-moving party, class action litigation is not viable, court is permitted to deny a class action before discovery. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009). This is not a decision to be taken lightly, and a fair shot at presenting class certification must be provided before dismissing parties to a class action. *Id.* at 948.

The Complaint's class allegations request that the class action members include "[a]ll persons with loans serviced by Shellpoint in which Shellpoint within the applicable limitations period failed to make timely payment of taxes from their non-delinquent escrow account." (Doc. 1 at 7, ¶ 30.) In general, for class certification, a litigant must present claims that share numerosity, commonality, typicality, adequacy of representation, predominance, and superiority of class action over individual actions. Fed. R. Civ. P. 23. Based on the allegations, and taking the facts in favor of the Plaintiff, the numerous putative class litigants have a common claim, Plaintiff may be able to

adequately represent the others' interests, and the simplicity of the allegations (Defendants caused late fees to accrue and paid out of putative Plaintiffs' non-overdue escrow accounts) may be more easily handled through a class action. However, the Court agrees with the Magistrate Judge; it is too soon to tell. Further discovery is necessary to provide Plaintiff with a fair chance at presenting the class allegations and for Defendants to argue against. Striking the class allegations and dismissing the putative Plaintiffs is premature.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation is ADOPTED. (Doc. 22.)
2. The Motion to Dismiss is DENIED. (Doc. 16.)
3. Plaintiff's unjust enrichment claim is DISMISSED. All other claims for relief may proceed.
4. This matter is referred to Magistrate Judge Eric J. Markovich for all pretrial proceedings and a report and recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and 72.2. of the Rules of Practice of the United States District Court for the District of Arizona.

Dated this 28th day of July, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge